SULLIVAN, Presiding Justice,
dissenting:
I respectfully disagree with the results reached by the majority in this case. On assignment number one, the trial court did abuse its discretion when it only granted a two-day continuance to allow defense counsel to prepare for surprise evidence used by the State in violation of discovery. This is particularly true when defense counsel told the court that he had an expert witness prepared to testify that the anatomical drawing was highly suggestive and that this witness could testify the next day. It was an abuse of discretion for the trial court not to continue the trial until the expert witness was available. Twenty-four hours would have made little difference.
The majority concludes that the continuance was reasonable to allow the defendant to prepare a response, but it certainly did not allow the defendant to produce a witness in response, which was the purpose for the Box request in the first place.
As to assignment number three, in and of itself and taken in a vacuum, it is easy to agree that while the trial judge’s reaction was highly inappropriate it was not prejudicial; however, when viewed in light of the judge’s abuse of discretion with the discovery violation and in view of the fact that the jury was hopelessly deadlocked and asked three questions of the trial court and only brought in a verdict after being given a Sharplin charge, I find assignment number three to be meritorious.
Under the totality of the circumstances of this case the trial judge abused his discretion on two occasions and as a result deprived the defendant of having a fair trial. I would reverse and remand for new trial.
DAN LEE, C.J., and BANKS and McRAE, JJ., join this opinion.